

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN PPERD
ATTORNEY GENERAL
XXXXXXXXXXXXXXXXXXX

Hon. Melvin Combs
County Attorney
Beaumont, Texas

Dear Sir:

Opinion No. O-3344
Re: Whether County School
Board of Commissioners'
Court may grant County
School Superintendent
year's leave of absence
without pay to serve in
Army; and, whether such
Superintendent's brother
may be appointed by
County School Board or
Commissioners' Court to
serve during such absence.

In your letter of March 27, 1941, you advise that
the County School Superintendent of Jefferson County is to
be inducted into the United States Army on April 4, 1941, and
you request our opinion in response to the following questions:

"Can the County School Board and/or Com-
missioners' Court grant Mr. C. E. Doyle, the
elected School Superintendent, a year's leave
of absence without pay?

"Can the County School Board and/or Com-
missioners' Court appoint Mr. William H. Doyle,
brother of C. E. Doyle, Acting School Super-
intendent during this leave of absence granted
Mr. C. E. Doyle."

The elective county superintendent must take the
official oath and give bond as other officers. Article 2689,
Revised Civil Statutes. His general duties are prescribed
in Article 2693, Revised Civil Statutes, and other specific
duties are cast upon him by various other statutes. There
is no statutory or other authority for either the County
Board or the Commissioners' Court to relieve a school
superintendent of his statutory duties, either in the form
of a leave of absence or otherwise. You do not ask us
and we do not here attempt to say what the situation will
be after the superintendent enters the Army. Whatever the
situation may be, it would not be altered by an order
entered by either the County Board or the Commissioners'
Court, or both, attempting to give him leave of absence. If
he is legally entitled to retain his office after entering

the Army he can do so without such an order. If he does not already have the right to so absent himself and retain the office, neither the County Board nor the Commissioners' Court can confer such right. We believe the above constitutes a sufficient answer to your first question.

In Article 2700, Revised Civil Statutes, it is provided that "the county board of trustees may make provision for the employment of a competent assistant for the county superintendent. . . ." But, the County Superintendent is the one who makes the appointment of assistants. Neeper vs. Stewart, 66 S. W. (2d) 812, error refused.

No statute authorizes the appointment of a substitute County Superintendent by the County Board of Trustees or the Commissioners' Court. The statutes having expressly made it the obligation of the County Superintendent to perform the duties of that office, no authority can be implied for the County Board or the Commissioners' Court to arrange with someone else to perform such duties. See Marquart vs. Harris County, 117 S. W. (2d) 484.

Hence, as the statutes now stand, we answer your second question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 29, 1941

By /s/ Glenn R. Lewis
Glenn R. Lewis
Assistant

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

GRL:lh:lm